UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **WRIST USA (HOUSTON), INC.** | § § | |
| **Plaintiff,** | § § | |
| V. | § § | **CIVIL ACTION NO. 4:21-CV-4077** |
| **M/V KINAROS, IMO: 9405538, her engines, tackle, equipment, furniture, appurtenances, etc.,** | § § § § § | |
| **Defendant** *in rem*. | § | **ADMIRALTY** |

## VERIFIED COMPLAINT

NOW COMES, plaintiff, Wrist USA (Houston) Inc. ("Wrist USA"), through undersigned counsel, and files its Verified Complaint against defendant *in rem*, the M/V KINAROS, for damages and maritime arrest, and upon information and belief, avers as follows:

### Jurisdiction and Venue

1.1   This is an admiralty and maritime claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and Federal Rule of Civil Procedure 9(h).

1.2   Venue is proper in this District in accordance with Admiralty Rule C as the KINAROS is or will be within the physical jurisdiction of this Court during the pendency of this action.

### Parties

2.1   At all material times, plaintiff, Wrist USA, was a corporation with its principal offices in Pasadena, Texas

2.2 At all material times defendant *in rem*, the KINAROS was and is, upon information and belief, an oil / chemical tanker, owned by OCM Maritime Rhine LLC, managed and operated by Eletson Corporation, and a member of a shipping group of companies owned and/or controlled by Oaktree Capital Management LP.

2.3 All necessaries at issue herein pertaining to the KINAROS were ordered by Eletson Corporation, the manager and operator of the KINAROS, which was a duly appointed and authorized agent of the vessel, her owners and operators to procure the necessaries at issue herein.

## Unpaid Necessaries Delivered to the KINAROS

3.1 As more particularly described herein, Wrist USA, as Seller, contracted to provide supplies, tools, provisions, and other necessaries to the KINAROS pursuant to separate purchase order confirmations.  Each of the confirmations contained the following TERMS AND CONDITIONS OF SALE: "All and any quotes, offers, agreements and deliveries of provisions, stores, and/or any other goods or services of any kind of Seller are governed by the Sellers General Terms and Conditions of Sale in force at the time of entering the agreement in question. We encourage you to read and familiarize yourself with the General Terms and Conditions of Sale at https://www.wrist.com/download/general_sales_terms/terms_conditions.pdf."

3.2 Furthermore, each invoice attached as an exhibit to this Verified Complaint also provided as follows:

> Any and all quotes, offers, agreements, and deliveries of provisions, stores and/or any other goods or services of any kind by Seller are governed by the Sellers General Terms and Conditions of Sale in force at the time of entering into the agreement in question.  We encourage you to read and familiarize yourself with the General Terms and Conditions of Sale at https://www.wrist.com/download/general_sales_terms/terms_conditions.pdf.

{N1923735 -}                                                2

3.3     For all contracts, orders, sales, and deliveries of goods to the KINAROS before February 2, 2021, the applicable General Terms and Conditions of Sale (hereafter "2017 GTCs") in effect are set forth in the true and correct copy of which is attached as Exhibit A(1) and were expressly incorporated by reference in the agreements to supply the KINAROS with necessaries discussed infra.  See *One Beacon Ins. Co. v. Crowley Marine Servs.*, 648 F.3d 258, 268 (5th Cir. 2011).

3.4     For all contracts, orders, sales, and deliveries of goods on and after February 2, 2021, the applicable General Terms and Conditions of Sale (hereafter "2021 GTCs") in effect are set forth in the true and correct copy of which is attached as Exhibit A(2) and were expressly incorporated by reference in the agreements to supply the KINAROS with necessaries discussed *infra*.  See *One Beacon Ins. Co. v. Crowley Marine Servs.*, 648 F.3d 258, 268 (5th Cir. 2011).

3.5     Article K.3 of both the 2017 GTCs and the 2021 GTCs provided in relevant part, as follows:

> Seller shall … have the right to proceed against the Buyer and / or any third party and / or the Vessel in such jurisdiction as the Seller shall in its sole discretion sees and deems fit, inter alia for the purpose of securing payment of any amount due Seller from the Buyer.  In such circumstances, the proceedings shall be governed by the General Maritime Law of the United States of America with respect to the existence of a maritime lien (regardless of the country in which the Seller takes legal action) and in all other respects by the laws (substantive and procedural) of the jurisdiction so chosen by the Seller.

(Exh. A(1), 2017 GTCs, p. 3, art. K.3; Exh A(2), 2021 GTCs, p. 4, art. K.3.)

3.6     Article G.8 of the 2021 GTCs provides for acceleration of the amounts due on the due date as follows:

> Notwithstanding any agreement to the contrary, any and all amounts owed to the Seller will be due and payable in cause of bankruptcy, insolvency, moratorium, reorganization or other situations of the Buyer which affect the Seller's rights generally or which in the sole opinion of Seller adversely affects the financial position of Buyer.

(Exh. A(2), GTCs, p. 3, art. G.8.)

3.7     Article H.5 of the 2017 GTCs and Article G.5 of the 2021 GTCs provides for the assessment of 2 per cent interest per month pro rata without prejudice to any other rights or remedies of Seller.  (Exh. A(1), 2017 GTCs p. 2, art. H.5; Exh. A(2), 2021 GTCs, pp. 2-3, art. G.5.)

3.8     Article H.6 of the 2017 GTCs and Article G.6 of the 2021 GTCs requires the Buyer to indemnify the Seller from all interest charges, internal costs, expenses to lawyers and debt collectors, court fees, etc.  (Exh. A(1), 2017 GTCs p. 2, art. H.6; Exh. A(2), 2021 GTCs, p. 3, art. G.6.)

## Necessaries Provided by Wrist USA

4.1     On or about November 29, 2020, Wrist USA paid the customs clearance charges, duties and taxes on owner's goods delivered to the KINAROS in Houston, as more fully set forth in the invoices attached hereto and identified as Exhibit B.

4.2     On or about February 25, 2021, Wrist USA incurred charges for the delivery of ship's spares delivered to the KINAROS in Long Beach, California, as more fully set forth in the invoices attached hereto and identified as Exhibit B.

4.3     On or about July 10, 2021, Wrist USA delivered linens and other cabin stores, copy paper and other office supplies, an electric hot plate, light bulbs, tools and other engine stores, food and other provisions, water, wine, beer and cigarettes, mooring wires and ropes, safety equipment, COVID safety equipment, rags, cleaning supplies and other deck stores, as well as paid customs clearance, duties, taxes and delivery charges to transport owners' spares and other goods to the KINAROS in Houston, as more fully set forth in the invoices attached hereto and identified as Exhibit B.

4.4     The Wrist USA invoices for the November 2020 delivery to the KINAROS in Houston, as well as the February and July, 2021 deliveries to the KINAROS in Long Beach and Houston were not paid by their due date, thereby giving rise to maritime liens, under the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31431 *et seq.*, against the KINAROS.

4.5     On or about September 26, 2021, Wrist USA delivered $100.00 bills to pay the wages of the crew of the KINAROS, as well as paid the customs clearance charges, duties, taxes, and delivery fees for the delivery of owners goods to the KINAROS in New Orleans, as more fully set forth in the invoices attached hereto and identified as Exhibit B.

4.6     From approximately November 3 through 8, 2021, Wrist USA delivered napkins and other kitchen stores, drinks, food and other provisions, and paid the customs duties, taxes, fees and delivery charges for owners goods, as well as the ignitors for sodium lamps to the KINAROS in Houston, as more fully set forth in invoices attached hereto and identified as Exhibit B.

4.7     Recently, Wrist USA has learned that banks and other financial institutions have foreclosed on the outstanding balance owed on a fleet mortgage issued in part to Eletson Corporation by arresting a sister ship.  Additionally, the participants in a sale/lease-back/sale transaction involving the KINAROS and another vessel have filed suit to demand return of possession.  In accordance with Article G.8 of the GTCs, Wrist USA believes all of its invoices issued to Eletson Corporation are at significant risk of default.  This belief is further supported by the facts that Wrist USA and its affiliates, East Coast Ship Supply, LLC, Wrist-Klevenberg, and Karlo Corporation Supply & Services, have outstanding amounts that are due.  As provided in Article G.8 of the GTCs, Wrist USA now accelerates the amounts owed on the invoices

reflecting the deliveries to the KINAROS in New Orleans during September 2021 and Houston during November 2021, such that they are now due and owing, thereby giving rise to a maritime lien, under the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31431 *et seq*., against the KINAROS.

4.8     Because all of the foregoing necessaries were supplied by Wrist USA in the territorial waters of the States of Texas, California and Louisiana, they qualify as a maritime lien for necessaries provided in the United States for purposes of 46 U.S.C. § 31326(b)(2).

4.9     Any necessaries delivered by Wrist USA to the KINAROS after her arrest on November 5, 2021 at 8:45 p.m. local time should, alternatively, be paid in preference to all other charges and amounts due as expenses of *custodia legis*.

4.10    The total principal amount owed to Wrist USA totals $64,240.44 plus interest.

## Amounts Presently Due

5.1     As of the date of this filing, Plaintiffs are owed the following amounts:

|  | **Invoice Amount** | **US Dollar Equivalent** |
|---|---:|---:|
| Wrist USA | $64,240.44 | $64,240.44 |
| Court Costs | $402.00 | $402.00 |
| U.S. Marshal Deposit | $10,000.00 | $10,000.00 |
| Accrued Interest | $7,708.85 | $7,708.85 |
| Accrued Attorney's Fees | $10,000.00 | $10,000.00 |
| **TOTAL** | | **$92,351.29** |

## Request for Arrest of the KINAROS Pursuant to Admiralty Rule C

6.1     The KINAROS is or will be within this District during the pendency of this admiralty and maritime claim to recover for necessaries provided by Wrist USA to the KINAROS.

6.2     Pursuant to Admiralty Rule C, Wrist USA is entitled to arrest the KINAROS to

satisfy its claims, including but not limited to the unpaid invoice amounts, prejudgment interest, costs, expenses and attorney's fees.

6.3 Plaintiff agrees to release and hold harmless and indemnify the United States of American, the United States Marshals, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest of the aforesaid KINAROS.

6.4 All and singular the foregoing premises are true and correct within the admiralty jurisdiction of this Honorable Court.

**WHEREFORE**, plaintiff, Wrist USA (Houston), Inc., prays:

1. That this Verified Complaint be deemed good and sufficient;

2. That process in due form of law, according to the rules and practices of this Honorable Court, issue against the M/V KINAROS, her engines, tackle, apparel, furniture, equipment, and all other necessaries, *in rem*, by way of arrest pursuant to Supplemental Admiralty Rule C, and that all persons claiming interest in said vessel be required to appear and to answer under oath, all and singular the matters aforesaid;

3. That after due proceedings are had, there be judgment entered in favor of Wrist USA (Houston) Inc. and against defendant, the KINAROS, her engines, tackle, apparel, furniture, equipment, and all other necessaries, *in rem*, requiring defendant to pay damages to in the amounts of $64,240.44 for necessaries delivered to the M/T KINAROS, and all other damages as may be proven at trial, with prejudgment interest, attorney's fees, and all costs of these proceedings; and,

4. For all general and equitable relief to which this Honorable Court is competent to grant and plaintiff is otherwise entitled.

Respectfully submitted:

*/s/ James D. Bercaw*
**JAMES D. BERCAW**
**(Motion for admission *pro hac vice* to be filed)**
**ROBERT J. STEFANI (TX 24077138)**
**KING & JURGENS, L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
E-Mail: jbercaw@kingjurgens.com
rstefani@kingjurgens.com

and

Michael S. Wright
Fed. ID No. 6985
6363 Woodway, Ste. 820
Houston, TX 77057
Tel: 713.334.5644
Fax: 713.715.4778
mwright@kingjurgens.com

***Attorneys for Plaintiff, Wrist USA (Houston), Inc.***

**PLEASE SERVE:**
**The Master of the M/V KINAROS, IMO: 9405538**
**And Issue a Warrant for the Arrest of the**
**M/V KINAROS**